### DE LAMOUTTE v. DE LAMOUTTE.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

DIVORCE (§ 303*)—DECREE OF SEPARATION—MODIFICATION—GROUNDS.

> Under Code Civ. Proc. § 1771, authorizing the court to modify directions for the custody and maintenance of children, a decree of separation, granting the wife alimony for the support of herself and children awarded to her custody on condition that she shall reside in a county within the state in which defendant may reside by reason of his business, ought to be modified so as to permit the wife to reside in the city of New York during a portion of each year, on it appearing that the husband, engaged in business in Broome county, frequently visits New York City on business, and that the wife may, by residing there, increase her income by giving lessons in a foreign language.
>
> [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 793; Dec. Dig. § 303.*]

Appeal from Special Term, New York County.

Action by Leora B. De Lamoutte against Alexander C. De Lamoutte. From an order denying a motion for a modification of a decree of separation, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Joseph A. Keenan, for appellant.

HOUGHTON, J. In March, 1908, a decree of separation from the defendant was granted to the plaintiff, and she was given the custody of the two minor children, issue of the marriage. Alimony in the sum of $1,500, payable monthly, was granted to plaintiff for the support of herself and children on condition that she reside with such children in whatever county within the state of New York the defendant might be compelled to reside by reason of his business. The defendant was

then and now is engaged in business at Binghamton, in Broome county, and the moving papers show that plaintiff is a teacher of French and can add materially to her income if she be permitted to' reside in the city of New York, to which city defendant's business often calls him. The plaintiff moved, in pursuance of the provisions of section 1771 of the Code of Civil Procedure, for a modification of the decree as to the payment of alimony by striking out the condition that it be payable only in case she should reside in such county as the defendant was compelled to reside in by reason of his business, and inserting in place thereof that she be permitted to reside in the county of New York during the period between October and June in each year, and her motion was denied.

We think the modification should have been granted. The condition imposed was a very harsh and unusual one. It was doubtless inserted for the purpose of allowing the defendant to more easily visit his children. Its effect was to make the plaintiff and the children practically prisoners in the county in which the defendant chanced to be carrying on business, on pain of forfeiture of any means of support. The defendant frequently has occasion, as the affidavits show, to go to the city of New York on business, and can take advantage of those occasions to visit the children. The plaintiff, by being permitted to reside in that city, can add quite materially to her income by giving lessons in French. There appears to be no reason to suspect that the application is not made in good faith. If it shall turn out not to be beneficial to herself and the children, the defendant will have the right to show the facts to the court and ask for any further modification of the decree that may be proper.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.